BURSOR & FISHER, P.A.
L. Timothy Fisher (State Bar No. 191626)
2121 North California Boulevard, Suite 1010
Walnut Creek, CA 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

THORNTON, DAVIS & FEIN, P.A.
Barry L. Davis
Aaron P. Davis
Brickell BayView Centre, Suite 2900
80 SW Eighth Street
Miami, Florida 33130
Telephone: (305) 446-2646
Facsimile: (305) 441-2374
E-Mail: davis@tdflaw.com
         adavis@tdflaw.com

REICH RADCLIFFE & KUTTLER LLP
Marc G. Reich (State Bar No. 159936)
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 975-0512
Facsimile: (949) 975-0514
E-mail: mgr@reichradcliffe.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT TALLAL, AL ALBERTO, CRAIG MORRIS, MATT TILLMAN and SHALIMAR GUERRA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT SOLUTIONS, INC, and SPRINT SPECTRUM, L.P.,<br><br>Defendants. | Case No. C10-05660 SBA<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SPRINT SPECTRUM, L.P.'S AND SPRINT SOLUTIONS, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO VACATE DEADLINES FOR RULE 26 CONFERENCE AND RULE 26 EXCHANGE** |

Pursuant to Civil L.R. 7-11(b), Plaintiffs hereby file their Memorandum of Points and Authorities in Opposition to the Motion for Administrative Relief to Vacate Deadlines for Rule 26 Conference and Rule 26 Exchange in Light of Pending MDL Proceedings filed by Defendants Sprint Solutions, Inc. and Sprint Spectrum, L.P. (collectively "Sprint").

For the following reasons, Plaintiffs respectfully request that the Court deny Sprint's motion:

1. As to the March 1 and March 3 deadline to conduct Rule 26 conferences, Sprint has already drafted and filed a Rule 26 conference report in *David Salvatierra, et al. v. Sprint*, Case No. 10 CV2044-BEN, United States District Court, Southern District of California, one of the other related cases. A copy of the Rule 26 conference report from the *Salvatierra* case is attached hereto as Exhibit 1. Since that report has already been filed, Plaintiffs respectfully submit that it is far more efficient to simply update the already filed Rule 26(f) report for this case rather than filing the instant motion attempting to stay the progress of this case in matters unaffected by the Court's February 18, 2011 order holding motions in abeyance. That order does not relieve the parties from compliance with Rule 26 and there is no reason to stay compliance.

2. In addition, after Sprint filed its motion to vacate the deadlines, Plaintiffs' counsel received the attached February 25, 2011 e-mail from Sprint's counsel requesting that Plaintiffs' counsel be available today or tomorrow to conduct the Rule 26 Conferences and to meet and confer regarding initial disclosures, early settlement, ADR process selection and a discovery plan. A copy of the e-mail from Sprint's counsel is attached hereto as Exhibit 2. Plaintiffs' counsel has now agreed to conduct the Rule 26 conferences and to meet and confer in accordance with Sprint's February 25, 2011 request. That agreement between counsel eliminates the need for Sprint or this Court to proceed with the motion to vacate the forthcoming deadlines, and thus denial is appropriate.

3. Finally, the Judicial Panel on Multi-District Litigation has set March 30, 2011 as the date for oral argument on the motion to transfer. A decision on the motion to transfer is therefore

PLAINTIFFS' OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF TO VACATE DEADLINES    1
CASE NO. C10-05660 SBA

expected in early April. The Rule 26 conference and filing of the Rule 26(f) conference report is uniformly required by all of the various jurisdictions proposed by the parties.

Accordingly, it best serves all of the parties, this Court and any transferee Court to proceed with the Rule 26 conferences, file an updated Rule 26(f) report, and agree on a realistic proposed discovery plan and cut-off dates taking into consideration the fact that the JPML is very likely to issue its transfer ruling in early April.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request this Court to deny Sprint's motion for administrative relief.

Dated: February 28, 2011						Respectfully submitted,

BURSOR & FISHER, P.A.
L. Timothy Fisher (State Bar No. 191626)
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com


By:            */s/*
         L. Timothy Fisher

THORNTON, DAVIS & FEIN, P.A.
Barry L. Davis
Aaron P. Davis
Brickell BayView Centre, Suite 2900
80 SW Eighth Street
Miami, Florida 33130
Telephone: (305) 446-2646
Facsimile: (305) 441-2374
E-Mail: davis@tdflaw.com
             adavis@tdflaw.com

REICH RADCLIFFE & KUTTLER LLP
Marc G. Reich (State Bar No. 159936)
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 975-0512
Facsimile: (949) 975-0514
E-mail: mgr@reichradcliffe.com

Attorneys for Plaintiffs

**EXHIBIT "1"**

**EXHIBIT "1"**

1  RONALD A. MARRON, ESQ. [SBN 175650]
   LAW OFFICES OF RONALD A. MARRON, APLC
2  3636 Fourth Avenue, Ste. 202
   San Diego, CA  92103
3  Telephone:   619-696-9006
   Facsimile:    619-564-6665
4
   Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SALVATIERRA, JAMES HANKS, and MICHEAL PEGGINS, individually and on behalf of all others similarly situated, | Case No.: 10 CV2044-BEN  **JOINT 26(f) REPORT** |
| Plaintiffs, | |
| vs. | |
| SPRINT SOLUTIONS, INC.; SPRINT SPECTRUM L.P.; SPRINT CORPORATION; and BEST BUY COMPANY, | |
| Defendants. | |

On January 10, 2011, counsel for the parties met by telephone to conduct a Rule 26(f) conference in accordance with Federal Rules of Civil Procedure. Representing Plaintiffs was Ronald A. Marron (Kellie Delaney also participated in the conference) and representing Defendants Sprint Solutions, Inc. and Sprint Spectrum, L.P. ("Defendants" or "Sprint")[1] was Erika Pennington and

---

[1] Defendants submit that while the caption lists two additional defendants, Sprint Corporation and Best Buy Company, there are no charging allegations in the body of the First Amended Complaint against either of those defendants. Both defendants were previously dismissed by stipulation, though both were incorrectly named and appear not to even exist under the names alleged. *See* Docket Nos. 7,

1 Motion to Stay to February 7, 2011. Plaintiffs oppose a motion to advance the hearing date as they are prepared to file an Opposition to both the Motion to Stay as well as the Motion to Dismiss.

The parties have not come to any agreement at this time to dismiss or strike any claims or defenses.

## II. STATEMENT OF CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

### 1. Plaintiffs' Position

This action arose because Sprint customers who purchase phones such as the Evo 4G and the Epic 4G are required to purchase one of Sprint's "Everything Data" plans and are also required to pay an additional $10.00 charge for a Premium Data Add-On (the "Premium Data charge") that is connected to the 4G device.

Plaintiffs contend that because the Everything Data plans they purchased include "unlimited data," Defendants have breached their contracts with Plaintiffs by requiring additional charges for the same unlimited data. Plaintiffs contend that these charges are not part of a "bundled rate" structure as these charges pertains solely to data usage. Plaintiffs also contend that because the Premium Data charge is assessed without any meaningful disclosure of its purpose, rationale, or services covered by the charge, this constitutes fraud, unfair business practices, and violates California's consumer protection law known as CLRA.

Plaintiffs seek class certification of both a national class and a California sub-class.

### 2. Defendants' Position

Sprint charges $10 more per month for wireless data services for certain smartphones than for others. Sprint clearly discloses--before, during and after the sale transaction for those smartphones--that it charges that additional monthly $10 Premium Data charge, over and above the other service rates for bundled data plans. Plaintiffs now contend that doing so is an unlawful business practice, and constitutes fraud and breach of contract, among other claims.

Tracy Evans-Moyer. The parties discussed the case and jointly (except as noted below) make the following report.

### I. INITIAL MATTERS

A Motion for Consolidation has been filed in a related case and is pending before the Judicial Panel for Multidistrict Litigation ("JPML"), proposing that seven cases be coordinated and transferred to a single district judge ("MDL Motion"). *See* MDL No. 2228. Defendants filed a Notice of Related Cases ("Notice") listing the cases subject to the MDL Motion. Dkt. No. 24. Plaintiffs and Defendants agree that this case should be coordinated with related cases in the Notice except that Defendants do not believe that one case listed on the Notice of Related Cases, *Sok v. Sprint Nextel Corporation*, No. SACV10-01858-JST (RNB) (C.D. Cal.) should be transferred under 28 U.S.C. § 1407. Plaintiffs believe the cases should be consolidated in the Southern District of California, as this action was the first filed.

In addition, subsequent to filing the Notice, Defendants received notice of two additional related tag-along actions, *Somerhauser v. Sprint Nextel Corporation, et al.*, Case No. 2:11-cv-02024-CM-JPO (D. Kan.) and *Turley v. SprintCom, Inc., et al.*, No. 2:11-cv-04022-NKL (D. Mo.), which were not included in Defendants' Notice.

A hearing date has not yet been set by the JPML. Defendants anticipate that the JPML will hear the MDL Motion during their March or May hearing sessions.

Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"), Or in the Alternative Motion to Stay the Action ("Motion to Dismiss"), which is set for hearing on February 28, 2011. Dkt. No. 25.

Defendants have also filed a Motion to Stay this matter pending outcome of the MDL Motion, which is set for hearing on February 22, 2011. Dkt. No. 27. Plaintiffs oppose this motion. Defendants have requested that Plaintiffs join Defendants' motion to advance the hearing on the

---

9, 17 & 19. Sprint contests personal jurisdiction as to Sprint Corporation/Sprint Nextel Corporation if any allegations are asserted against it.

Plaintiffs' claims are defective as a matter of law for a variety of reasons set forth in Sprint's pending Motion to Dismiss. Dkt. No. 25. In addition, as set forth in the Motion to Dismiss, Sprint submits that Plaintiffs claims' are preempted and otherwise subject to the primary jurisdiction of the Federal Communications Commission, or that, alternatively, this action should be stayed.

### III. INITIAL DISCLOSURES

**1. Plaintiffs' Position**

Initial disclosures should be made by the parties pursuant to Fed. Rules of Civ. Proc. 26(a)(1)(A-D) fourteen days after the 26(f) meeting, on January 24, 2011. Plaintiffs intend to provide their disclosures to Defendants on that date.

**2. Defendants' Position**

In light of the number of cases pending before the JPML, Sprint has objected to providing multiple initial disclosures in multiple jurisdictions. Sprint submits that it makes little practical sense to plan out initial deadlines in this matter given the pending MDL motion, which will potentially cause eight other lawsuits to be coordinated with this one. Sprint therefore objected to the exchange of initial disclosure pursuant to Rule 26(a)(1)(C), and has moved to stay such deadlines in all cases in which it has appeared, including this one. Sprint is more than willing to provide initial disclosures, but respectfully requests that the Court wait to order such disclosures until after the JPML determines the MDL motion.

Sprint has taken, or will take, this same position in all other cases so as to prevent a situation in which Sprint has eight different deadlines for eight different cases, which were filed at different times in different Courts.

Sprint respectfully requests that the time for exchange of initial disclosures be moved to at least fifteen days after the JPML's determination of the MDL Motion.

### IV. COMPLEXITY OF THE CASE

The parties agree that this is a complex case and that certain procedures of the Manual for Complex Litigation may be useful for the management of this section. The parties may consult the Manual for Complex Litigation to assess whether specified procedures should be utilized as the case progresses.

## V. DISCOVERY PLAN

### 1. Plaintiffs' Position

Plaintiffs' initial discovery will be generally focused on the class issues. Plaintiffs oppose, however, limiting discovery to class issues given the problems inherent in trying to divide discovery between "class" and "merits" issues at this point in the lawsuit.

Plaintiffs are in the process of determining, with Sprint's cooperation, which telephone contracts will be the subject of the case. Plaintiffs believe that further document requests and approximately 5 - 10 depositions of Sprint personnel will be necessary prior to Plaintiffs bringing a motion for class certification. Plaintiffs oppose any precise limit on the number of discovery requests or depositions at this juncture given the unknown nature of the number of telephone contracts at issue, the issues may arise under them.

Plaintiffs also anticipate deposing the selling agents, and representatives of Sprint, as well as seeking documents from these persons and entities.

Plaintiffs will be seeking all relevant and properly discoverable documents from Defendants, including but not limited to, copies of all applicable contracts, pricing memoranda for relevant plans and phones; advertising of relevant plans and phones; and information related to agreements between Sprint and Clearwire.

Plaintiffs acknowledge the need for confidentiality of Defendants' trade secrets, client data, and other discoverable documents and have expressed a willingness to enter into a Confidentiality Agreement with Defendants to avoid the need for a protective order.

### 2. Defendants' Position

During the Rule 26(f) conference between the parties Sprint objected to the negotiation of a discovery plan under Rule 26(f)(3) on the grounds that such an exchange is premature and not appropriate pending Defendants' Motion to Stay, filed in this Court, and a determination by the JPML of the MDL Motion.

1  Defendants hope to reach agreement relating to the scope and timing of discovery and the
2  format of production, but submit that those issues should be addressed after the JPML's
3  determination of the MDL Motion.[2]
4  Defendants contend that it is premature to determine whether there should be any changes
5  made to the limitations on discovery under the Federal Rules of Civil Procedure, or this Court's local
6  rules, pending the JPML's determination of the MDL Motion as Defendants' position may be
7  affected by the number of actions as well as the local rules of the transferee forum should the JPML
8  grant the MDL Motion.
9  Defendants believe that a protective order will be necessary as provided for in Rule 26(c), but
10 submit that it is appropriate to determine the scope of the protective order only after the JPML
11 considers the MDL Motion in light of the multiple counsel for plaintiffs that will be involved in
12 negotiating a protective order and the varying local rules and standing orders of judges of the
13 transferee forum that may impact the provisions required and the language of the protective order.
14 Defendants respectfully request that the Case Management Conference be set to occur after
15 the JPML rules on the MDL Motion.

16                                **MOTION SCHEDULE**

17 Plaintiffs anticipate filing a motion for class certification estimated to be heard in the
18 timeframe from August through October, 2011.
19 Defendants contend that issues related to the timing of any motion for class certification are
20 premature as they may be affected by local rules of the transferee forum should the JPML grant the
21 MDL Motion.
22 As set forth above, Defendants filed a Motion to Stay pending the MDL Motion, set for
23 hearing on February 22, 2011, and a Motion to Dismiss, which is set for hearing on February 28,

---

25  [2] Electronic formatting of data is a topic that should be the subject of further discussions
26 among counsel. In the past, Sprint has produced TIFF images in single-page Group IV TIFF format
   and accompanied by an IPRO LFP load file, as well as full extracted or OCR text at a document
27 level and located in the same folder as their respective document image, and certain metadata
   information in the Concordance DAT file format. Defendants are willing to produce data in
28 reasonably useable form as agreed by counsel.

1  2011. Dkt. Nos. 25 & 27. Defendants intend to file similar motions to dismiss in other cases and
2  submit that all initial motions should be coordinated and set for hearing on a coordinated schedule.
3       Defendants contend that should this case survive Defendants' Motion to Dismiss, subsequent
4  briefing schedules for dispositive and other motions should be set.
5       The parties agree to meet and confer regarding the cutoff date and briefing schedule for
6  dispositive or potentially dispositive motions, as well as regarding class certification issues and the
7  nature and extent of discovery to be performed before trial.

## SETTLEMENT

9       No discussions have taken place to date but the parties will discuss the topic after any initial
10 discovery is performed.

## TRIAL ESTIMATE

12      Plaintiffs estimate 19 trial days.
13      Defendants contend that it is premature to determine a trial estimate as this action may be
14 combined with up to seven other actions. The number of actions, and the number of plaintiffs, will
15 necessarily impact the length of the trial.

## ADDITIONAL PARTIES

17      Plaintiffs contend that at this time none are anticipated, but that Plaintiffs are still
18 investigating Sprint's Corporate affiliates and distribution channels.
19      Defendants contend that no other Sprint entities are proper parties to this dispute.
20 Defendants submit that up to 13 additional already-named individual plaintiffs may be coordinated
21 into a single proceeding should the JPML grant the MDL Motion.

## TRIAL DATE

23      The parties agree to meet and confer on trial and pre-trial dates following resolution of the
24 class certification issues, if any.

## TRIAL BY JURY OR BY COURT

26      Plaintiffs have demanded a trial by jury. Defendants demand a jury trial on all claims and
27 defenses so triable.
28

## ADDITIONAL INFORMATION

The parties do not have additional matters to raise at this time.

DATED: January 24, 2011

                        /s/ Ronald A. Marron
                        Ronald A. Marron
                        Law Offices of Ronald A. Marron, APLC
                        Attorney for Plaintiffs
                        ron.marron@gmail.com

DATED: January 24, 2011

                By:  /s/ A. Brooks Gresham
                        A. Brooks Gresham
                        MCGUIREWOODS LLP
                        Attorneys for Defendants
                        bgresham@mcguirewoods.com

**EXHIBIT "2"**

On Fri, Feb 25, 2011 at 11:50 AM, Moyer, Tracy Evans <TMoyer@mcguirewoods.com> wrote:
Dear Mr. Fisher and Mr. Plutzik,

I work with Brooks Gresham on the Lockhart and Tallal matters. My understanding is that we have a March 1 and March 3 deadline to conduct Rule 26 conferences in those matters. I suggest we conduct them simultaneously or consecutively as they will be very similar, if not identical. Please let me know when you are available on Monday or Tuesday to conduct those conferences and which number I should call to initiate the conferences. My schedule is generally flexible both days between 10 am and 3 pm. If you would like to confer outside of those times, let me know and I will atempt to reschedule other matters to accomodate you.

Thank you.

Tracy


Tracy Evans Moyer
McGuireWoods LLP
1800 Century Park East
8th Floor
Los Angeles, CA 90067
310.315.8276 (Direct Line)
310.956.3176 (Direct FAX)
tmoyer@mcguirewoods.com
http://www.mcguirewoods.com

This e-mail may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.