I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
ATTEST
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By: _____
Deputy Clerk
4/18/11

- CORRECTED COPY -

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SPRINT PREMIUM DATA PLAN MARKETING
AND SALES PRACTICES LITIGATION      MDL No. 2228

## TRANSFER ORDER

**Before the Panel:** Plaintiff in an action previously pending in the Eastern District of New York has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of seven actions in the Southern District of California. This litigation currently consists of six actions listed on Schedules A and B and pending in four districts, two actions each in the Northern District of California and the District of New Jersey, and one action each in the Central District of California and the Southern District of California.[1]

Plaintiffs in the Southern District of California action support the motion to centralize in the Southern District of California. Plaintiffs in the Northern District of California actions agree that centralization is appropriate, but suggest the Northern District of California as transferee district. The District of New Jersey plaintiffs suggest centralization in the District of New Jersey or, alternatively, the Eastern District of New York. Plaintiffs in a potentially-related action pending in the District of Kansas suggest centralization in that district. Defendants Sprint Spectrum, L.P.; Sprint Solutions, Inc.; and Sprint Nextel Corp. (collectively, Sprint) suggest centralization in the Eastern District of New York or, alternatively, the Southern District of California. Almost all responding plaintiffs oppose inclusion of the Central District of California action (*Sok*) in centralized proceedings, including the *Sok* plaintiffs. The *Sok* plaintiffs alternatively support centralization in the Southern District of California.

On the basis of the papers filed and hearing session held, we find that the five actions listed on Schedule A involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations

---

[1] The original movant's action that was pending in the Eastern District of New York has since been voluntarily dismissed.

The parties have notified the Panel that four additional related actions are pending, two actions in the Northern District of California, and one action each in the District of Kansas and the Western District of Missouri. These actions are potential tag-along actions. *See* Rule 7.1, R.P.J.P.M.L.

-2-

that defendants charge customers with 4G devices a monthly "Premium Data" fee above the fixed monthly price for unlimited data plans. All plaintiffs challenge the legitimacy of this "Premium Data" fee and question whether Sprint provided any service for these additional charges. Centralization of these actions will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

With the dismissal of the original movant's action, no party specifically advocates for including the *Sok* action in centralized proceedings. We agree with most responding parties, who argue that *Sok* involves unique claims such that discovery will not overlap with discovery in the actions listed on Schedule A. The *Sok* action does not involve the "Premium Data" fee at issue in the other related actions, but rather alleges that Sprint marketed certain devices and calling plans as "4G" that did not meet 4G standards.

All of the actions are in a similar procedural posture, and we are presented with several good choices for a transferee forum. We are persuaded that the District of New Jersey is the most appropriate transferee district. Two actions are pending in this district before Judge Susan D. Wigenton, who recently closed an MDL. This district has a great deal of experience serving as a transferee court yet has a manageable MDL docket. Moreover, Sprint, which supports centralization in nearby New York, maintains that relevant documents and witnesses will be located in and around the east coast, including New Jersey.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the five actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Susan D. Wigenton for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that transfer under Section 1407 of the action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil     David R. Hansen
W. Royal Furgeson, Jr.     Frank C. Damrell, Jr.
Barbara S. Jones     Paul J. Barbadoro

IN RE: SPRINT PREMIUM DATA PLAN MARKETING
AND SALES PRACTICES LITIGATION                                      MDL No. 2228

## SCHEDULE A

<u>Northern District of California</u>

Arlene Baisa Lockhart, et al. v. Sprint Nextel Corporation, C.A. No. 3:10-05621
Scott Tallal v. Sprint Nextel Corporation, C.A. No. 3:10-05660

<u>Southern District of California</u>

David Salvatierra, et al. v. Sprint Solutions, Inc., et al., C.A. No. 3:10-02044

<u>District of New Jersey</u>

Elbert Kim, et al. v. Sprint Nextel Corporation, et al., C.A. No. 2:10-06334
Jonathan Kahn v. Sprint Nextel Corporation, et al., C.A. No. 2:10-06420

| | |
|---|---|
| IN RE: SPRINT PREMIUM DATA PLAN MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2228 |

## SCHEDULE B

<u>Central District of California</u>

Kimdara Sok v. Sprint Nextel Corporation, et al., C.A. No. 8:10-01858